IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EARL A. BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:13-CV-448 (MTT) |
| ) | |
| CITIGROUP, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Before the Court are the Defendant's motion to dismiss (Doc. 3) and the Plaintiff's motion for a hearing (Doc. 5), motion to mandate affidavits (Doc. 7), and motion to request appearance (Doc. 9). For the following reasons, the motion to dismiss is **GRANTED**, and the Plaintiff's motions are **DENIED as moot**.

## I. BACKGROUND

On or about May 23, 2005, Plaintiff Earl Bryant executed a promissory note in favor of PHH Mortgage Corporation (f/k/a Cendant Mortgage Corporation). (Doc. 3-1 at 2).[1] He executed a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") the same day. (Doc. 3-2). CitiMortgage, Inc. ("CMI") currently holds the Plaintiff's note and services the Plaintiff's loan. (Doc. 3-3 at 6); *Bryant v. Citigroup, Inc.*, No. 5:12-CV-61 (MTT), Doc. 18-1. Defendant Citigroup is a parent company of CMI.

---

[1] Though the documents referenced in the Order are attached to the Defendant's motion to dismiss, the Court may properly consider them because they are central to the Plaintiff's claim, and their authenticity is not challenged. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

...
...

On February 21, 2012, the Plaintiff filed suit in this Court against CMI and Citigroup, alleging fraud and Racketeer Influenced and Corrupt Organizations Act ("RICO") claims after CMI notified the Plaintiff he was in default. *Bryant v. Citigroup, Inc.*, No. 5:12-CV-61 (MTT). The Court dismissed the complaint for failure to state a claim and thus did not address the Defendants' alternative argument that the claims against Citigroup should be dismissed because the pro se Plaintiff had not properly alleged personal jurisdiction. *Id.* at Doc. 23. The Eleventh Circuit affirmed the dismissal of the Plaintiff's claims against CMI but vacated and remanded the dismissal of the Plaintiff's claims against Citigroup, directing the Court to dismiss Citigroup for lack of personal jurisdiction because "[the Plaintiff] presented no facts that supported personal jurisdiction over Citigroup Inc." *Bryant v. Citigroup, Inc.*, 512 F. App'x 994, 995 (11th Cir. 2013).

On November 25, 2013, the Plaintiff again filed suit relating to his default on the loan discussed above, but this time he only sued Citigroup. (Doc. 1). The Defendant moves to dismiss the complaint based on collateral estoppel, lack of personal jurisdiction, insufficient service of process, and failure to state a claim on which relief can be granted.

## II. DISCUSSION

### A.   Insufficient Service of Process

Pursuant to Rule 4(m), the Court, after notice to the Plaintiff, must dismiss the action without prejudice if the Defendant is not served within 120 days after the complaint is filed, unless the Plaintiff shows good cause for the failure or the Court, in its discretion, extends the time for service without a showing of good cause. Fed. R. Civ.

P. 4(m). Thus, the Court has discretion to extend the time for service even if a plaintiff has not shown good cause for failing to properly serve the defendant. *Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005). In exercising its discretion, the Court must consider whether other circumstances warrant an extension of time based on the facts of the case even if the plaintiff fails to show good cause. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). Advisory Committee Notes to the federal rules provide some guidance as to what factors may be considered, such as the running of the statute of limitations. Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments.

    The Plaintiff filed his complaint in this Court on November 25, 2013. More than 120 days have elapsed, but there is no indication that the Plaintiff ever properly served the Defendant. The certificate of service states the Plaintiff served the CEO of Citigroup by United States mail. (Doc. 1 at 3). However, United States mail is not a permissible method of service. *See* Fed. R. Civ. P. 4(h)(1). The Plaintiff was on notice of his insufficient service by virtue of the Defendant's motion, but he never responded to the motion or otherwise offered an explanation of his failure to properly serve the Defendant. Instead, the Plaintiff filed three motions that appear to have no basis in law. Thus, the Plaintiff has not shown good cause. The Court further finds that no other circumstance warrants granting the Plaintiff additional time to serve the Defendant. Because the Court is dismissing the case for insufficient service of process, the Court does not address the Defendant's other grounds for dismissal.

    The Defendant's motion to dismiss (Doc. 3) is **GRANTED**, the complaint is **DISMISSED without prejudice**, and the Plaintiff's motion for a hearing (Doc. 5), motion

to mandate affidavits (Doc. 7), and motion to request appearance (Doc. 9) are **DENIED as moot**.

    **SO ORDERED**, this 3rd day of April, 2014.

                                                <u>S/ Marc T. Treadwell</u>  
                                                MARC T. TREADWELL, JUDGE  
                                                UNITED STATES DISTRICT COURT