**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **EARL A. BRYANT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:13-CV-448 (MTT)** |
| ) | |
| **CITIGROUP, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>ORDER</u>

Before the Court is the Plaintiff's motion for reconsideration (Doc. 13) of the

Court's April 3 Order dismissing his complaint for insufficient service of process

(Doc. 11).  Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as

a matter of routine practice."  M.D. Ga. L.R. 7.6.  "Reconsideration is appropriate only if

the movant demonstrates (1) that there has been an intervening change in the law, (2)

that new evidence has been discovered which was not previously available to the

parties in the exercise of due diligence, or (3) that the court made a clear error of law."

*Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and

citation omitted).  "In order to demonstrate clear error, the party moving for

reconsideration must do more than simply restate his prior arguments, and any

arguments which the party inadvertently failed to raise earlier are deemed waived."

*McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

The Plaintiff has not shown a reason why his motion should be granted.  In fact,

he does not even address the basis for the Court's dismissal of his claims: his

insufficient service on Defendant Citigroup.  He wants to proceed to discovery under the

Federal Rules of Civil Procedure, but this is not a sufficient ground for reconsideration.

Accordingly, the Plaintiff's motion (Doc. 13) is **DENIED**.


    **SO ORDERED**, this 14th day of April, 2014.


                              S/ Marc T. Treadwell
                              MARC T. TREADWELL, JUDGE
                              UNITED STATES DISTRICT COURT